**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING**

**EDWARD O'NEAL BOWEN**,

                  Petitioner,

**v.**

**F. ENTZEL,**

                Respondent.

**Civil No.: 5:19CV202**
**(JUDGE BAILEY)**

## REPORT AND RECOMMENDATION

      This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned for submission of a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action.

### I.     Procedural History

      On June 21, 2019, the Petitioner filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1. On July 19, 2019, the Petitioner paid the five dollar filing fee. ECF No. 10. On October 8, 2019, the undersigned ordered the Respondent to show cause as to why the writ should not be granted. ECF No. 12.

      On November 5, 2019, the Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgement together with a  memorandum  in  support.  ECF Nos. 15 & 16.  A Roseboro Notice was issued to the Petitioner by the undersigned on November 5, 2019, pursuant to Roseboro v. Garrison, 528 F. 2d 309, 310 (4th Cir.

1

1975), instructing Petitioner of his right to file a response to Respondent's Motion and Memorandum. ECF No. 17. On December 20, 2019, the Respondent resent the Petitioner a copy of his Motion and Memorandum. ECF No. 20. A second Roseboro Notice was issued on December 30, 2019. ECF No. 21. On January 3, 2019, the Petitioner filed his opposition to the Respondent's Motion to Dismiss [ECF No. 23], and on January 17, 2020, the Respondent filed a Reply. ECF No. 25.

## II.   Facts

The Petitioner was arrested by Michigan state authorities in Kalamazoo County for a state parole warrant on August 18, 2014. On February 9, 2015, the Petitioner was borrowed on a federal Writ of Habeas Corpus Ad Prosequendum. ECF No. 16-1 at p. 9. On April 5, 2016, the Petitioner was sentenced in the United States District Court for the Western District of Michigan to a 181 month term of confinement for Credit Union Bribery and Brandishing a Firearm during a Credit Union Robbery. ECF No. 16-1 at pp. 15-16. After the federal sentence was imposed, the Petitioner was returned to state custody on April 8, 2016 to complete the State sentence. ECF No. 16-1 at p. 5.The judgment in his federal criminal case was silent regarding any relationship with the State sentence. On November 2, 2016, the Petitioner paroled from his Michigan sentence to the exclusive custody of the United States Marshals Service to commence his federal sentence. Id.

On January 21, 2017, the Petitioner requested a credit for time spent serving the State sentence. In response to this request, in accordance with Program Statement 5160.05, the United States District Court for the Western District of Michigan was contacted for a position regarding a retroactive designation. The District Court did not

take a position regarding a retroactive designation and advised that the BOP should calculate the Petitioner's federal sentence under the BOP rules and the policies normally applied. On April 24, 2017, the BOP determined that a retroactive concurrent designation was not appropriate. The Petitioner's current release date via good conduct time is December 22, 2029. ECF No. 16-1 at p. 33.

### The Pleadings

**A. The Petition**

The Petitioner alleges that the BOP has unlawfully computed his sentence by failing to award him any credit towards service of his term of imprisonment for any time spent in official federal detention prior to the date his sentence commenced as prescribed by 18 U.S.C. §§ 3584(a) and 3583(b). For relief, the Petitioner requests that this Court order/grant credit for time spent in federal custody from February 9, 2015 to May 15, 2016 and from November 2, 2016 to December 19, 2016 for a total of eighty-three days.

**B. Respondent's Motion and Memorandum**

In response to Petitioner's claims, the Respondent argues that the BOP has the exclusive authority to compute a federal prison sentence, and this habeas petition lacks merit because the BOP properly calculated the Petitioner's federal sentence. More specifically, the Respondent argues that the Petitioner's federal sentence did not begin when federal authorities borrowed him from state custody pursuant to a federal writ. In addition, the Respondent argues that the Petitioner received credit from November 2, 2016 to December 19, 2016 for the time spent in transit after being paroled from state custody and before he arrived in BOP custody.

3

## C. Petitioner's Response

The Petitioner argues that in response to a letter from the BOP regarding a *nunc pro tunc* designation, the sentencing court indicated that it doubted whether the court had any power to affect the designation decision of the BOP**.** The Petitioner argues that this response is perplexing because the BOP's specifically noted that if the sentencing court indicated that the Petitioner's federal sentence should run concurrently to his state sentence, the BOP would commence his sentence on the date of imposition. The Petitioner concludes that he is entitled to time spent in official federal custody as prescribed by § 3585(b) from February 9, 2015 to May 15, 2016.

## D. Respondent's Reply

The Respondent notes that Petitioner is no longer seeking credit for time served between November 2, 2016 and December 19, 2016, as he has been given credit for this time. The Respondent further alleges that in addressing correspondence from the United States District Court for the Western District of Michigan, the Petitioner conveniently overlooks the portion of the March 21, 2017 correspondence which reads as follows: "In any event, I believe the BOP should calculate the time of Defendant's federal sentence in this case, including any potential impact of the state custodial time, under the rules and policies the BOP normally applies." ECF No. 16-1 at p. 28.

### III.    <u>Standard of Review</u>

## A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."   <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th

Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).   In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.   Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.   In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted).   Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable," Id.   Therefore, for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal,

where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

### B. Motion for Summary Judgment

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a

whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. <u>Anderson</u>, 477 U.S. at 248-49.

## IV.    <u>Analysis</u>

Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating an inmate's term of confinement, including a determination of when the sentence commences. <u>United States v. Wilson</u>, 503 U.S. 329, 334 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585 (b), which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

<u>Id.</u>

Under section 3585 (a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody while waiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence is to be served." Generally, when an inmate is facing sentences imposed by both federal and state authorities, the sovereign that first arrested the inmate retains primary custody over him until that sovereign's imposed sentence is satisfied. <u>United States v. Evans, </u>159 F.3d 908, 912 (4th Cir. 1998). When an inmate is borrowed pursuant to a writ of *habeas corpus ad prosequendum*, the original sovereign has "merely loan[ed] that prisoner to federal authorities" and does not forfeit its primary

7

jurisdiction. Id. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id.

Here, the State of Michigan did not lose its primary jurisdiction over the Petitioner when it lent him to federal authorities pursuant to the writ of *habeas corpus ad prosequendum*. Michigan maintained primary jurisdiction over the Petitioner until November 2, 2016, when he was released on parole and taken into federal custody for service of his federal sentence. Therefore, he cannot receive credit against his federal sentence, for the time between April 5, 2016 and November 2, 2016 absent a *nunc pro tunc* designation.

18 U.S.C. § 3621(b) grants the BOP discretion to select the place of a federal prisoner's confinement, stating that the agency may "designate any available penal or correctional facility that meets minimum standards of health and habitability . . . , [regardless of] whether [the facility is] maintained by the Federal Government or otherwise . . . , that [BOP] determines to be appropriate and suitable." 18 U.S.C.  § 3621(b). "The phrase 'or otherwise' refers to the BOP's authority to designate federal prisoners to state prisons." Jefferson v. Berkebile, 688 F.Supp.2d 474, 486 (S.D.W. Va. 2010( (citing Evans, 159 F.3d at 911-12). The statute specifically directs the BOP to consider five factors in making this determination:

1.  the resources of the facility contemplated;
2.  the nature and circumstances of the offense
3.   the history and characteristics of the prisoner;
4.   any statement by the court that imposed the sentence –
       (A)concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
       (B)recommending a type of penal or correctional facility as appropriate; and

5.  any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Under this statute, the BOP has the power to order a *nunc pro tunc* designation of a state facility as the place of imprisonment for a federal prisoner, essentially allowing for a retroactive concurrency through which the federal prisoner can receive credit against his federal sentence for time already served in the state facility. Jefferson, 688 F.Supp.2d at 487 (citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 245-46 (3d Cir. 2005)).

The BOP's policy on designating a non-federal institution for the service of a federal sentence is set forth in BOP Program Statement 5160.05. "Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent." Id. at 4. The sentencing court's intent can be established at the time the sentence is imposed, by way of an order or recommendation, as recorded in a document such as a judgment and order of commitment.[1] Failing that, an inmate can request a *nunc pro tunc* designation, as the Petitioner did in this matter.

As part of determining whether to designate a state institution for service of a federal sentence, it is BOP policy to send a letter to the prisoner's sentencing court, with copies to the U.S. Attorney's Office and U.S. Probation Office in which the BOP inquires as to the sentencing court's position on applying a retroactive designation. See BOP Program Statement 5160.05 at 6. In keeping with this policy, on February 23, 2017, the

---

[1] Where, as here, a federal sentencing judge does not indicate whether a defendant is to serve his federal sentence consecutively or concurrently with a previously imposed state sentence, the default position is that the federal sentence shall be served consecutively because the federal sentence is one of secondary jurisdiction. See 18 U.S.C. § 3584(a).

sentencing court was contacted, by letter, to obtain an opinion regarding the granting of a retroactive designation. ECF No. 16-1 at pp. 25-26. On March 21, 2017, the Honorable Robert J. Jonker, Chief United States District Judge, responded as follows:

> Thank you for your letter of February 23, 2017, regarding the federal sentence of Defendant Edward O'Neal Bowen. In particular, you ask whether the Court has any position on whether the BOP should retroactively designate a state institution where Defendant served time on a state conviction as a location for concurrent service of the federal sentence Defendant is now serving. I have reviewed the public record of the Federal sentencing and find that the Court did not express any intention on this issue at the time of sentencing. Under these circumstances, I doubt whether the Court has any power now to affect the designation decision of the BOP. In any event, I believe the BOP should calculate the time of defendant's federal sentence in this case, including any potential impact of the state custodial time, under the rules and policies the BOP normally applies.

ECF No. 16-1 at p. 28.

On April 24, 2017, the BOP denied the Petitioner's request for a nunc pro tunc designation. The worksheet that the BOP used to conduct the review was entitled "Factors Under 18 U.S.C. § 3621(b) Worksheet" and subdivided into five sections. The examination of these factors was as follows:

> **Factor (1)-the resources of the facility contemplated:**
> The inmate is in the primary custody of the Bureau of Prisons and designated to FCI Pekin.

> **Factor (2)-the nature and circumstances of the offense:**
> Federal Offense-18 U.S.C. § 2113; Credit Union Robbery. Term - 97 months. 18 U.S.C. § 924(c); Brandishing a Firearm During a Credit Union Robbery. Term - 84 months (Consecutive). Total Term - 181 months.

> State Offense-Parole Revocation. Original Term - 22 to 35 years.

> Federal and State charges are related in part in the PSI instant offense conduct, as a federal offense was one of five violations resulting in the state revocation.

10

**Factor (3)-the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history):** Excluding the aforementioned state and federal convictions, the following convictions are listed within the Pre-Sentence Investigation Report: Embezzlement, Attempted Larceny, Assault with Intent to Murder, and Controlled Substance-Possession of Less than 25 Grams.

The BOP Disciplinary Record has been reviewed with the following conduct listed: None.

No State disciplinary information has been received.

**Factor (4) any statement by the court that imposed the sentence:** The sentencing court was contacted to obtain an opinion regarding the granting of a retroactive designation on February 23, 2017. A response was received from the Court in a letter dated March 21, 2017, where in the Court states in part "I have reviewed the public record of the Federal sentencing and find that the Court did not express any intention on this issue at the time of sentencing. Under these circumstances, I doubt whether the Court has any power now to affect the designation decision of the BOP. In any event, I believe the BOP should calculate the time of Defendant's federal sentence in this case, including any potential impact of the state custodial time, under the rules and policies the BOP normally applies."

**Factor (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 924(a)(2) of Title 28: 18 U.S.C. § 924(c).**

ECF No. 16-1 at p. 30.

While the Petitioner may disagree with the BOP's evaluation on that Worksheet, the BOP's *nun pro tunc* determination is reviewed for abuse of discretion, and its findings are afforded substantial deference and entitled to a presumption of regularity. See Trowell, 135 F. App'x at 593 (citing Barden v. Keohane[2], 921 F.2d 476, 478 (3d Cir.

---

[2]In Barden, the petitioner brought a § 2241 habeas petition to gain credit for time served in a state prison by having that state facility designated a federal facility *nunc pro tunc*. In pursuing his administrative remedies, the BOP declined to recognize that it had the statutory authority to

1991)); <u>Jefferson</u>, 688 F. Supp.2d at 496.   It appears that the BOP considered the five factors required, and the undersigned finds that the BOP did not abuse its discretion.

Finally, the undersigned cites <u>Manuel v. Terris</u>, 803 F.23d 826 (9th Cir. 2015). The Petitioner notes that like himself, Manuel was arrested for a state parole violation on January 22, 2010 and taken into federal custody on May 24, 2010 for charges of felon in possession of firearm and ammunition. Manuel eventually pleaded to the federal charges and was sentenced to 51 months  in prison with the Court indicating that while it was not addressing what credit if any, Manuel should receive for the time spent in federal custody prior to May 24, 2010, the Court intended him to receive credit on his federal sentence for the period of May 24 through the date of his federal sentencing on October 27, 2010, the time he was borrowed by federal authorities.  The Petitioner then notes that the Bop did award Manuel  credit for this period.

While the Petition correctly recites the history of Manuel's federal sentencing, he fails to recognize the holding in the case. In the final paragraph, the Seventh Circuit noted it was an error by the BOP to give Manuel five months' credit (May 24, 2010, to October 27, 2010) against his federal sentence because the state had already given him that credit against his state sentence. Therefore, the BOP was forbidden by 18 U.S.C. § 3585(b) to credit that period against his federal sentence as well. 803 F.3d 826. Accordingly, that decision affords the Petitioner no relief.

## V.      Recommendation

make such a designation. The <u>Barden</u> court held that the petitioner was "entitled to have his request considered by the agency with the statutory power to grant it and that 28 U.S.C. § 2241 is available to compel that consideration." 921 F.2d at 484. After <u>Barden</u>, the BOP began to analyze requests for retroactive designation pursuant to 18 U.S.C. § 3621(b).  In addition, BOP Policy Statement 5160.05 specifically references <u>Barden</u> with respect to inmate requests for *nunc pro tunc* designation.

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's "Motion to Dismiss or for Summary Judgment" **[ECF No. 15]** be **GRANTED**, and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Each party shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested. In addition, this Report and Recommendation

completes the referral from the District Court. The Clerk is **DIRECTED** to terminate the

Magistrate Judge association with this case.

DATED:  February 27, 2020

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE